# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Melisa White Gay, Respondent

Appellate Case No. 2019-000635

Opinion No. 27899
Submitted June 11, 2019 – Filed July 3, 2019

**DEFINITE SUSPENSION**

John S. Nichols, Disciplinary Counsel, and Ericka
McCants Williams, Senior Assistant Disciplinary
Counsel, both of Columbia, for the Office of Disciplinary
Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Petitioner.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definite suspension for six months.  Respondent also requests the definite
suspension be made retroactive to the date of her interim suspension: March 21,
2018.[1]  We accept the Agreement and suspend respondent from the practice of law
in this state for six months, retroactive to the date of her interim suspension.  The
facts, as set forth in the Agreement, are as follows.

---

[1] *In re Gay*, 422 S.C. 386, 812 S.E.2d 207 (2018).

## Facts

On February 27, 2019, Respondent entered a plea of no contest to the charge of unlawful communication in violation of S.C. Code Ann. § 16-17-430(A)(1) (2015). The facts of the plea indicated that, on December 13, 2017, Respondent willfully and unlawfully conveyed "an immoral message while in a telephonic communication with an individual." Specifically, while meeting with one of her criminal clients who was in custody related to a narcotics trafficking case, Respondent instructed the client's girlfriend to remove United States currency and paperwork from the bathroom of the client's home and take the currency and paperwork to an associate of the client. Respondent was sentenced to one day in jail with credit for one day served.

## Law

Respondent admits that by her conduct she violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, truthworthiness, or fitness as a lawyer); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent further admits her conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE (violating the Rules of Professional Conduct) and Rule 7(a)(5), RLDE (engaging in conduct tending to pollute the administration of justice or bringing the courts or the legal profession into disrepute), Rule 413, SCACR.

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for six months, retroactive to March 21, 2018, the date of Respondent's interim suspension. Accordingly, we accept the Agreement and suspend Respondent for a period of six months, retroactive to her earlier interim suspension. Within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct in full or enter into a reasonable payment plan with the Commission for payment of the costs incurred. Prior to seeking

reinstatement, Respondent must demonstrate her compliance with Rule 32, RLDE, Rule 413, SCACR, including completion of Legal Ethics and Practice Program Ethics School within the preceding year.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**